JUDGE CARTER

D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

14 CV 2561

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*



RECEIVED APR 10 2014 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDI BUDO and LIVIU MOVILEANU, on behalf of themselves and others similarly situated,

          **Plaintiff,**

   v.

BRUNO AND SONS, INC., d/b/a CLUB A STEAKHOUSE, and SHUQERI SELIMAJ,

          **Defendants.**
------------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1.    Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

### JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

1. Defendant Bruno & Sons, Inc. is a New York corporation. Defendant Bruno & Sons, Inc. operates Club A Steakhouse located in Midtown Manhattan.

2. Upon information and belief, Defendant Bruno & Sons, Inc. has an annual gross volume of sales in excess of $500,000.

3. Defendant Selimaj is the owner and operator of Club A Steakhouse.

4. Defendant Selimaj has the power to hire and fire Club A Steakhouse employees.

5. Defendants Selimaj is actively involved in managing the restaurant's operations.

6. All Defendants are hereinafter collectively referred to as "Defendants."

7. Plaintiff Andi Budo was employed by Defendants as a server between approximately October 2013 and the present.

8. Plaintiff Liviu Movileanu was employed by Defendants as a server between approximately January 2012 and March 2014.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants at any New York location on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them an overtime premium for all hours worked over forty in one workweek and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

    c) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

    d) Whether Defendants properly compensated Plaintiffs' and Class members for overtime.

    e) Whether Plaintiffs were forced to share their tips with parties who are not entitled to their tips.

    g) Whether Defendants gave Plaintiffs proper statements as required by New York Labor Law § 195.

## FACTS

20. Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Plaintiff, the FLSA Collective Plaintiffs, and members of the Class regularly worked in excess of forty hours per workweek. In fact, Plaintiff typically worked between approximately forty-five and fifty-five hours per week.

23. Defendants unlawfully failed to pay Plaintiffs one-and-one-half times their regular rate for all of the hours that they worked in excess of 40 per workweek. For almost every week worked, Defendants paid Plaintiffs for exactly 40 hours, which was less than Plaintiffs' actual hours worked.

24. For the hours that Plaintiffs were compensated, Defendants compensated them for an amount less than the minimum wage.

25. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under Federal and State Law because Defendants misappropriated portions of Plaintiffs' and Class Members tips. This misappropriation of tips also violated New York Labor Law.

26. For example, Plaintiffs were required to share tips with other employees that provided no direct customer service during a given shift.

27. Plaintiffs were required to share tips each night with a "stocker" who worked exclusively in the kitchen stocking and polishing glassware and did not provide direct service to guests during a shift.

28. Plaintiffs were similarly required to share tips with an expediter, who stayed in the kitchen and provided no customer service during a shift.

29. Defendants did not provide Plaintiffs with the wage notices required by N.Y. Lab. Law § 195. For example, Defendants did not provide Plaintiffs with wage notices, and/or pay stubs that included Plaintiffs' overtime rates.

30. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)

31. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

32. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

33. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

34. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

35. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporate by reference all previous paragraphs.

36. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

37. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of

8

willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

38. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one-and-one-half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

39. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves, the Class)**

40. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

41. Defendants knowingly paid the Plaintiffs Class Members less than the New York State minimum wage.

42. Defendants did not pay Plaintiffs Class Members the New York minimum wage for all hours worked.

43. Defendants' failure to pay Plaintiffs and Class Members the New York minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

44. As a result of Defendants' willful and unlawful conduct, Plaintiffs and Class Members are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Class)

45. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

47. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one and one half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

48. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
Brought by Plaintiffs on Behalf of Themselves and the Class)

49. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants retained portions of Plaintiffs' tips and Class members' tips.

51. Defendants' retention of Plaintiffs' and Class members' tips was willful.

52. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
(New York Notice Requirements,
N.Y. Lab. L. §§195, 198
Brought by Plaintiff on Behalf of Himself and the Class)

53. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

54. Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195. For example, the paystubs for Plaintiff and members of the Class did not reflect all the hours they worked.

55. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
April 10, 2014

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
233 Broadway
5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by **Club A Steakhouse** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

ANDI BUDO
Full Legal Name (Print)

_/s/_
Signature

10/4/14
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

    I am an employee currently or formerly employed by **Club A Steakhouse** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Liviu Vasile Movileanu
_____
Full Legal Name (Print)

_____
Signature

04.10.2014
_____
Date